## Case No. 10,980.

### PERELES v. WATERTOWN.

[6 Biss. 79.] [1]

Circuit Court, W. D. Wisconsin.    April, 1874.

CONSTITUTIONAL LAW—LIMITATIONS — MUNICIPAL BONDS.

1. The Wisconsin limitation act of April 3, 1872 [Laws 1872, p. 56], so far as it affects municipal bonds, issued before its passage, is unconstitutional and void.

2. In passing a statute of limitations, the legislature must allow a reasonable time within which to prosecute existing causes of action; and as to what constitutes such reasonable time, the legislature is not the exclusive authority. The period fixed by the legislature is subject to review by the courts, and if they deem it unreasonable, they will disregard it as impairing the obligation of contracts.

3. A limitation to one year in municipal bonds issued for negotiation in a foreign market, is clearly unreasonable and unconstitutional.

[Cited in Arno v. Wayne Circuit Judge, 42 Mich. 368, 4 N. W. 151.]

This was an action brought [by B. F. Pereles] upon certain bonds of the city of Watertown bearing date on the 1st day of August, 1853, and due and payable on the 1st day of August, 1863, bearing interest at the rate of 8 per cent., payable semi-annually according to interest warrants or coupons attached.

Vilas & Bryant, for plaintiff.

Daniel Hall and Harlow Pease, for defendant.

1. The act does not impair contracts, because it fixed a reasonable time to sue; Ross v. Duval, 13 Pet. [38 U. S.] 45; Ruehl v. Voight, 28 Wis. 153; Wood v. Hustis, 17 Wis. 416; Howell v. Howell, 15 Wis. 55; Call v. Hagger, 8 Mass. 423; Cooley, Const. Lim. 366 et seq.

2. Construction given by state courts binds federal courts. Leffingwell v. Warren, 2 Black, 599.

HOPKINS, District Judge. The bonds are executed under the corporate seal of the city and are not disputed. The only defense interposed is that of the statute of limitations. When they were issued and put into circulation, the period of limitation was twenty years, and so remained until the passage of the act entitled, "An act to limit the time for the commencement of actions against towns, counties, cities and villages, on demands made payable to bearer," which was published and took effect April 3, 1872, and reads as follows, viz.: "Section 1. No action brought to recover any sum of money on any bond, coupon, interest warrant against, or promise in writing, made or issued by any town, county, city or village, or upon any installment of the principal or interest thereof,

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

shall be maintained in any court, unless such action shall be commenced within six years from the time such sum of money has or shall become due, when the same has been or shall be made payable to bearer, or to some person or bearer, or to the order of some person, or to some person or his order; provided, that any such action may be brought within one year after this act shall take effect; provided further, this act shall in no case be construed to extend the time within which an action may be brought under the laws heretofore existing." Laws 1872, p. 56.

This action was commenced by service of process, upon the 31st day of July, 1873, more than a year after the passage of the foregoing act, and more than six years after the bonds and coupons matured; indeed, more than six years had elapsed after the bonds and coupons had become due, when the act was passed, so if any right to sue was saved, it was by virtue of the proviso, "that any such action may be brought within one year after this act shall take effect."

This mode of inserting provisos of this kind in statutes of limitation intended to apply to existing causes of action, when the act would otherwise cut off all remedy, is quite customary in the legislation of this state. But notwithstanding it has been practiced for some time past, I do not find that the supreme court of the state has ever considered the effect of such provisions, or determined whether they are effectual in avoiding the constitutional objection to a law that cuts off all remedy. Such clauses have doubtless been suggested and inserted as embodying the principle laid down by the courts, that although a limitation act, by its terms, includes existing causes of action, still, if a reasonable portion of the period fixed remains after the passage, the act is not subject to the constitutional objection of impairing the obligation of the contract. But as to whether the legislature can determine that question by a proviso of this kind, has not been considered by the supreme court of this state; so I have not the benefit of the construction of that learned tribunal.

In the conclusion I have arrived at in this case, it will not be necessary to decide whether any effect should be given to such a proviso or not, for if it is effectual to give a year after the passage of the act to bring suits upon claims where six years had already run, still the legislature is not the exclusive judge of the question as to whether the period stated in the proviso is a reasonable time within which to prosecute the remedy.

This was the important question presented and discussed on the trial. Were it not for decisions of the supreme court of this state to the contrary, and I were at liberty to follow the rule of the supreme court of the United States, as laid down in Sohn v. Waterson, decided October term, 1873, 17 Wall. [84 U. S.] 596, there would be no difficulty, for they there hold that such statutes are to be construed as to existing contracts, as taking effect from their passage, and as giving the full period from that time. That would relieve this case from all difficulty, as the party would have the full six years after the passage in all cases. But, as the supreme court of this state, whose decisions upon such statutes are regarded as binding upon the federal courts (Leffingwell v. Warren, 2 Black [67 U. S.] 599), have held that such statutes are valid, when there is a reasonable portion of the time left within which to commence the suit (Parker v. Kane, 4 Wis. 18; Smith v. Packard, 12 Wis. 371; Ruehl v. Voight, 28 Wis. 152), and that as to claims where the whole period had expired before the passage of the act, the statute does not apply at all (Osborn v. Jaines, 17 Wis. 573; Armond v. Green Bay & M. Canal Co., 31 Wis. 316–342), I have to decide this case in the light of such authorities. In Sohn v. Waterson, supra, the act of the state of Kansas, passed in 1859, limited the bringing of actions upon judgments rendered out of the state, to two years from the time the cause or right of action accrued. The judgment there sued upon was recovered in Ohio, in 1854. So, to give the act its literal meaning, the right to sue the judgment in Kansas would have been cut off instantaneously. But the court held that the act should have prospective operation only, and that the proper time to commence the calculation of the period of limitations "was when the cause of action was first subjected to the operation of the statutes," and that the party had two years after the passage of the act to sue, citing and approving the cases of Ross v. Duval, 13 Pet. [38 U. S.] 45, and Lewis v. Lewis, 7 How. [48 U. S.] 776.

But the court, in Murray v. Gibson, 15 How. [56 U. S.] 421, following the decision of the state courts of the state of Mississippi, in the construction of the statutes of that state, held that the statute applied only to cases arising after the passage of the act.

They did so, because of the deference that court pays to the construction of state statutes by the state courts. They regard their decisions in such cases as authoritative.

Conceding, for the purpose of this case, that the proviso operated to give one year to bring suits in cases otherwise cut off as this was, the question, as before stated, is presented whether the legislature have exclusive authority to determine what is a reasonable time to be allowed within which to commence an action or be barred. The courts of this state hold that they have the right, when a portion of the statutory time has run upon existing actions, to determine whether a reasonable portion of the time remains to enable

the party to bring his action. But it was claimed by the defendant's counsel in this case that those decisions were based upon statutes where the legislature had not itself fixed the period, and hence were distinguishable from this case, for here the legislature had fixed the time for cases of over six years' standing, at one year, and that the courts were bound by that time as much as they were by the six years' time in cases where that was applicable; in other words, that the legislature had thereby fixed one year as a reasonable time, and the courts could not inquire into or question the wisdom of their decision in establishing it, and cited Cooley, Const. Lim. p. 366, in support of this proposition. The cases cited by Mr. Cooley as sustaining that doctrine, I do not think go to that extent, nor do I think he intended to. In Call v. Hagger, 8 Mass. 423, the court held that as the short statute was passed after the cause of action had accrued, it did not extend to the case. What was said upon the discretion of the legislature was therefore not necessary, and the decision was not placed on that ground.

The cases of Stearns v. Gittings, 23 Ill. 387, and Price v. Hopkin, 13 Mich. 318, do not present the question involved here. But the case of Berry v. Ransdall, 4 Metc. (Ky.) 292, lays down a contrary rule, and holds that a limitation of thirty days upon existing causes, was unreasonable. The court did not regard the authority of the legislature to fix the time as absolute, but as subject to the control and judgment of the court. I think this the better rule. When the statute relates to causes of action accruing after the passage, it may be conceded that the power of the legislature is absolute in fixing the time within which an action shall be prosecuted.

In such cases, the parties are supposed to have contracted in reference to it, and the question of its impairing the obligations of the contract would not arise. But a very different rule applies to statutes of limitation intended to apply to existing causes of action. The legislature cannot directly impair the obligation of such contract, nor can it deprive a party of his property without due process of law.

The fixing of an unreasonable time to sue, is deemed an impairment; therefore holding that the legislature were the sole judges of what was reasonable time, is inferentially conceding to them the power of impairing, and even destroying the obligation of a contract.

This seems to me to be the logical result of such a doctrine, and I cannot adopt it.

I think the time fixed by the legislature within which actions must be brought upon existing contracts, is not conclusive, but is subject to be reviewed by courts, and if they deem it unreasonable, it is their duty to disregard such statutes, as violative of the constitutional inhibition against passing laws impairing the obligations of contracts. A statute prescribing an unreasonably short time, is not a statute of limitation, but an unlawful destruction of a right, whatever it may purport to be by its terms. It was claimed that limitation laws were statutes of repose, and were now regarded with favor; they undoubtedly are; but they should allow citizens all needful remedies, and should therefore give a fair opportunity for all to apply to the courts for redress after their passage. The supreme court of this state have as directly passed upon this question as any court whose decision I have been able to find. Von Baumbach v. Bade, 9 Wis. 559–579. Dixon, C. J., says, "So far, then. as the constitution of the United States reaches or affects the alterations of the remedy, such alterations are, first, matters of sound discretion with the legislature; and, secondly, with the courts. The legislature, having power within the limits above stated, to control at their pleasure the remedy, and to determine for themselves whether parties to contracts are left, are, in the first instance, with a substantial remedy, according to the laws as they existed before such change, subject to a revision in the last particular by the courts." This fully sustains my opinion as to the authority of courts in such cases.

This brings me to the question whether the year allowed after the passage of this act for parties holding the bonds to bring suits was a reasonable time. I do not think, in view of the facts and circumstances of the case, that it was. That more time is essential in some cases than in others, is apparent.

These bonds were issued when it must have been known to the defendant that they could not be negotiated in this state, but would necessarily have to find a market in distant places, where money was more abundant than in a new country, and it is well known to all, and may properly be assumed by the court, I think, that the bonds so issued by these defendants, like the bonds of other municipal corporations, were negotiated in the money markets in this country. and perhaps of Europe, and that when this act was passed, a portion of them at least was held by parties residing out of the state. The time of limitation when the bonds were issued was twenty years, and when this act was passed, over ten years still remained for them to enforce their remedy. They had no reason, so far as this case shows, to apprehend any such legislation or any such great and extraordinary change in the policy of the state in its limitation laws. And their position did not impose upon them the duty of a constant watchfulness over the legislature, and they are not therefore chargeable with laches in not sooner finding out the existence of such law.

To hold the bar as valid under such circumstances, would be an act of great injustice to the holders of these bonds, and would greatly depreciate, if not absolutely destroy, the value of large quantities of securities of this character, contrary to the express protection guaranteed in the fundamental law of the land. Such legislation, instead of being regarded with favor, as claimed by the defendant's counsel, is subversive of vested rights, and tends to the destruction of confidence, and to encourage repudiation in violation of the plain letter and spirit of the federal and state constitutions.

Some evidence was given on the trial tending to show that just before the expiration of the year the executive officers of the corporation resigned, and that parties were unable to sue or get service within the year. And it was claimed by the plaintiff's counsel that if such was the case, the creditors had not a full year within which they could sue, and that such conduct on the part of the corporation would estop them from interposing the bar. But, in the view I have taken of the other question, it is unnecessary to pass upon this one. I prefer to put my decision on the broad ground that the act is void as not affording a reasonable time to sue after its passage.

The counsel for the defendant urged, with a good deal of energy, upon the attention of the court, the rule that courts would not pronounce a statute invalid as contrary to the constitution unless it was clearly so; that doubts upon that subject were not sufficient to justify a court in so doing.

I yield a most cordial assent to that doctrine. But when an act does, in the opinion of the court, contravene the fundamental law, no consideration, however important, can justify a court in enforcing it as valid. After the most thorough and deliberate consideration, I have come to the conclusion that the act of 1872 is unconstitutional and void, as to the cause of action set up here, and therefore order judgment for the plaintiff.

NOTE. A statute limiting the time in which stockholders shall be personally liable to one year is reasonable and valid. Adamson v. Davis, 47 Mo. 268; Same v. Wilson, Id. 272; Same v. Marshall, Id. 273. See, further, Coffman v. Bank of Kentucky, 40 Miss. 29; Hill v. Boyland, Id. 618; Burt v. Williams, 24 Ark. 91; Coxe v. Martin, 44 Pa. St. 322.

Where a right springs, not from a contract, but from a legislative enactment, the legislature is the exclusive judge of the reasonableness of the time in which actions may be brought thereunder. De Moss v. Newton, 31 Ind. 219.