Finch, J.
The range of argument in this case has extended over the general subject of the power of the legislature to enact laws which "operateretrospectively, and the inherent and natural characteristics in that respect of statutes of limitation. Both sides, however, concede the very plain proposition that an act, capable of such construction, must be assumed to operate prospectively, unless its terms indicate a different intent, and as our conclusion rests upon this admitted rule, we are spared the necessity of following the line of the arguments.
At the adoption of the Code, in 1848-9, the title limiting the period for the commencement of actions was made prospective in its operation. This was effected by the enactment of one general section (§ 73), placed in the front of the changes made, and relieving *320 from their effect causes of action already accrued. As to them, the section declared that the statutes “now in force” should be applicable. This provision, made broadly controlling over the range of the whole title, manifested with great clearness the legislative intent to confine the new provisions to causes of action accruing in the future. That intent spoke necessarily at that date, and dealt with an emergency then present, but itself originated in a prudent and wise justice, which was neither the product of a particular date nor helplessly chained to it. The reason of the enactment had by no means spent its force when the date of its adoption was passed. Into this title, thus made prospective in its operation by the clearly expressed will of the legislature, an amendment was inserted in 1876, the effect of which was to reduce the limitation of actions to recover for certain personal injuries from six years to one. It it had been there at the original adoption of the Code its prospective character and operation would have been undoubted ; but because it came later, and speaks from a subsequent date, we are asked to infer that the original legislative intent is reversed, and to limit such intent, literally and rigorously, to the precise date of its first and formal expression, notwithstanding the fact that such expression retains its place and has never been repealed. The question has led to a collision of opinions in the supreme court (Dubois v. City of Kingston, 20 Hun, 500; Carpenter v. Shimer, 24 Hun, 464). In the first of these cases, the effect of section 73 seems not to have been considered. In the last, that section is made the substantial ground of the decision. It meets our approval. We think the words “ already ” and “now,” in section 73, are to be taken distribuí!vely, and apply not merely to the date of the original enactment, but to any subsequent amendment as of the date of such amendment; that causes of action “already accrued” *321 are intended, and saved, and the “statutes now in force” applied as well at the date of a change effected by an amendment as at the date of the change accomplished by the original law. In a similar, though not identical case, and in construing another section of the Code, we gave such distributive character to the use of the word “hereafter” (Ely v. Holton, 15 N. Y. 595). We gave it expression at each of two separate dates, and holding it to relate as to the terms of the original section to the date of its enactment, and as to the terms of a later amendment to the date of that amendment. In that case, the peculiar character of the Code, as a complete revision, to be slowly perfected by amendment, and so as to preserve a harmonious text, and enable the scattered parts to easily adjust themselves to each other, was properly recognized. While in that case the section considered was amended by repeating its original terms with the addition of the new, we held that not to be a repeal, and then a re-enactment of such original provisions, but that they remained unchanged, and the amendment was equivalent to an independent statute, passed at its date. We followed this mode of construction in Matter of Peugnet (67 N. Y 441, 444), and again treated the word11 hereafter ” distributive^, as applied to the statute and its amendment then under discussion. We can see no reason for the rule of construction adopted in those cases which does not exist in the one before us. The original intention which dictated the prospective character of the limitations adopted by the Codes may naturally be supposed to have continued along the line of amendment, since the section which gave it that character was steadily retained through all later changes. It is difficult to believe that an opposite intention governed the amendment while that provision remained, especially in view of the general evil and injustice of retroactive laws, and of the fact that in cases like the *322 present, where of the thirty-five days interposed between the passage of the amendment and the date on which it was to take effect, during which the action might have escaped the impending legislation, thirty were required to be exhausted in waiting a demand upon the comptroller of the city, and but five were left within which to bring the action under the old limitation. Granting, as is argued, the power of the legislature, it still remains that a harsh and unreasonable inference of legislative intention is not to be drawn, where the language of the act fairly and naturally admits of one not only more just and wise, but in better harmony with an intention already expressed, and a general system intended to be consistent and uniform. We conclude, therefore, that the plaintiff’s cause of action was not barred by the amendment of 1876.
The judgment must be reversed ; new trial granted; costs to abide the event.
All the judges concurred except Miller, J., absent.
Note on Amendments to the Statute op Limitations.
The principle of this decision is important in its application to numerous questions of construction under the Codes.
The chapter of the Code of Civil Procedure (chapter IY.) containing the statute of limitations, qualifies its own application by the following rules. Code Civ. Pro. § 414.
“ The provisions of this chapter apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases :
“ 1. A case, where a different limitation is specially prescribed by law, or a shorter limitation is prescribed by the written contract of the parties.
“2. A cause of action or a defense which accrued before the 1st day of July, 1848. The statutes then in force govern, with respect to such a cause of action or defense.
“ 3. A case, not included in the last subdivision, in which a person is entitled, .when this act takes effect, to commence an action, or to institute a special proceeding, or to take any proceeding therein, or *323 to pursue a remedy upon a judgment, where he commences, institutes, or otherwise resorts to the same, before the expiration of two years after this act takes effect ; in either of which cases the provisions of law applicable thereto, immediately before this act takes effect, continue to be so applicable, notwithstanding the repeal thereof.
“4. A case, where the time to commence an action has expired, when this act takes effect.
“ The word 1 action ’ contained in this chapter, is to be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action.”
In addition to this a general provision (§ 8349) which is to be construed in subordination to the above quoted section, declares that:
“Where any provision of this act is made applicable to future proceedings in an action or special proceeding, the proceedings therein, until the provision in question becomes applicable, are governed by, and must be conducted according to the laws in force on the day before the provision takes effect, except as otherwise prescribed in subdivision seventh of the last section but one.”
A still further provision (§ 3352, first sentence) declares that:
“Nothing contained in any provision of this act, other than in chapter fourth [the chapter on limitations], renders ineffectual, or otherwise impairs any proceeding in an action or a special proceeding, had or taken pursuant to law, or any other lawful act done, or right, defense, or limitation, lawfully accrued or established, before the provision in question takes effect ; unless the contrary is expressly declared in the provision in question.”
The doctrine of the principal case will be worthy of attention, in connection with the application of the amendment made,—respecting:
The omission of deduction for disability of married women (Code Pro. § 101, amended by L. 1851, p. 883, c. 479; L. 1870, p. 1833, c. 741), in actions affecting real property. Code Pro. § 88, amended by L. 1870, p. 1833, c. 741.
The limitation of actions on surrogates’ decrees. Code Civ. Pro. of 1878, § 376; amended by L. 1877, p. 447, c. 416 (41), and § 382, amended by Id. (44).
Of actions for damages for a personal injury resulting from negligence. § 383, amended by L. 1877, p. 446, c. 416 (45).
Against director or stockholder of moneyed corporation for a penalty or forfeiture as on a statutory liability. Id. § 394, amended by L. 1877, p. 446, c. 416 (47).
The computation of time as to a defendant who was without the State. Code Civ. Pro. § 401, amended by L. 1877, p. 446, c. 416 *324 (48); Code Pro. § 100, amended by L. 1851, p. 882, c. 479; L. 1867, p. 1921, c. 781.
Or in case of a death. Code Oil). Pro. § 408, amended by L. 1879, p. 601, c. 542.
The general principle as to the retroactive effect of statutes prescribing the times beyond which actions cannot be brought, is that those which reduce the time may operate to bar existing causes of action, provided a reasonable time be allowed after they go into effect, for the bringing of the action. See Osborn v. Jaines, 17 Wisc. 573; Thornton v. Turner, 11 Minn. 336; Pereles v. City of Watertown, 6 Biss. 79; Terry v. Anderson, 95 U. S. (5 Otto) 628; Terry v. Tubman, 92 Id. 156. Otherwise they cannot have that effect. Brigham v. Bigelow, 12 Metc. (53 Mass.) 268; Berry v. Ransdall, 4 Metc. (Ky.) 292; Scarborough v. Dugan, 10 Cal. 305. This is'on the theory that the legislature may regulate and limit the remedy, provided it is not arbitrarily taken away.
But claims once barred by a statute, a repeal of the statute or an amendment extending the period of time is usually held not to revive the statute barred right. Kuox v. Cleveland, 13 Wisc. 245; Woodman v. Fulton, 47 Miss. 682.
' For other cases on the effect of changes in the statute of limitations. People v. Williamsburgh Turnpike, &c. Co., 47 N. Y. 586; Girdner v. Stephens, 2 Am. R. 700; Bradford v. Shine’s Administrator 7 Id. 239; Yancy v. Yancy, 13 Id. 5.