JAMES BRACKETT and others *vs.* LYMAN C. DAYTON.

November 4, 1885

**Bankruptcy—Effect of Adjudication on Suits Pending in State Courts.**
An adjudication of bankruptcy under the United States bankrupt law does not, of its own force, divest other courts of jurisdiction of suits against the bankrupt, or render subsequent proceedings in pending suits void. Such suits might, when necessary, be arrested or controlled by the bankrupt court, (not by acting on the courts, but on the parties;) but otherwise the jurisdiction of other courts remains unimpaired, and their judgments are valid. The motion to vacate and set aside the judgment in this cause *held* to have been properly denied.

Judgment was entered in the district court for Ramsey county on October 14, 1882, in favor of plaintiffs and against defendant in this action, which was brought upon a judgment rendered in 1872. On December 8, 1883, the defendant made application to the court to vacate the judgment, upon the ground that the plaintiffs were not the holders of the claim sued upon, or to stay execution and all proceedings under the judgment to await the determination of the ques-

tion of the defendant's discharge as a bankrupt; and he appeals from an order by *Brill*, J., denying his motion.

*Lyman C. Dayton*, appellant, *pro se*.

*John B. & W. H. Sanborn*, for respondents.

MITCHELL, J. Appeal from an order denying a motion to vacate and set aside a judgment. One of the grounds on which the motion was made was that plaintiffs were not the owners of the note or debt out of which this judgment sprang. The record shows that this had become *res adjudicata* between the parties twice before this action was ever brought. This is a conclusive reason, to say nothing of others, why the judgment should not be vacated on any such ground.

The second ground upon which defendant moved to have the judgment vacated was the fact of the pendency of bankruptcy proceedings in the United States district court, in which he had been adjudged a bankrupt. The facts, as appears from the record, are that defendant filed his petition in bankruptcy on the 29th day of February, 1868, and was subsequently adjudged a bankrupt; that on the 28th of December, 1875, he filed his petition for his discharge, but that he has done nothing whatever towards obtaining his discharge since that date. When this action was commenced in March, 1882, defendant appeared and answered, setting up the pendency of these same bankruptcy proceedings, to which plaintiff replied, alleging an unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge. The issue thus made was tried in June, 1882, a judgment ordered for the plaintiff, which was entered October 14, 1882. The motion to vacate the judgment was made November 30, 1883, over one year after it was rendered.

On this state of facts it is perfectly manifest that the refusal of the court to vacate and set aside the judgment was correct, in any view of the case, unless the judgment was void; and this, as we understand him, is defendant's contention. His position seems to be that the federal bankrupt law avoids, of its own force, all judicial proceedings in other courts the instant one of the parties is adjudged a bankrupt; that such an adjudication by the bankrupt court divests all other tribunals of jurisdiction and renders all subsequent proceedings void. This once not uncommon error was long since entirely ex-

ploded. The ordinary tribunals are not deprived, by mere force of an adjudication of bankruptcy, of jurisdiction over suits against the bankrupt. The proceedings in other courts may, when necessary, be arrested or controlled by the bankruptcy court, (not by acting upon the courts but upon the parties;) but in the absence of any such interference the jurisdiction of other courts remains unimpaired, and their judgments are valid. *In re Davis,* 1 Sawyer, 260; *Eyster v. Gaff,* 91 U. S. 521; *Davis* v. *Friedlander,* 104 U. S. 570.

There is nothing in the suggestion that plaintiffs should have obtained permission of the bankrupt court to bring this action. They had never proved their claim against the defendant, or in any manner become parties to the bankruptcy proceedings. Neither were they interfering with those proceedings, nor with any property in the custody of the bankrupt court. *Dingee* v. *Becker,* 9 Phila. 196.

Order affirmed.