WILLIAM L. CONYNGHAM et al., Appellants, *v.* JOHN DUFFY, Respondent.

The limitation of time applicable to an order for the examination of a judgment debtor in supplementary proceedings under the Code of Civil Procedure (§ 2435) is ten years from the return of an execution unsatisfied, even though the right accrued before said Code was enacted.

The provision of said code (§ 3352) declaring that none of its provisions other than those in chapter fourth, shall render ineffectual any right or limitation which lawfully accrued before the provision took effect, did not preserve the twenty years' limitation prescribed by the Code of Procedure (§ 292), as the new limitation is also contained in said chapter (§§ 388, 414, 415).

The old limitation is preserved only when invoked before the expiration of two years after the Code of Civil Procedure took effect (§ 414).

(Argued December 8, 1890; decided January 13, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 13, 1889, which reversed an order of the county judge of Westchester county, denying a motion to vacate an order requiring the defendant to appear before him to be examined in proceedings supplementary to execution.

The facts, so far as material, are stated in the opinion. ·

*William A. Abbott* for appellants. A judgment creditor, on whose judgment execution was returned unsatisfied prior to the enactment of the Code of Civil Procedure (September 1, 1880), may institute supplementary proceedings at any time during twenty years from the entry of his judgment. (Code Civ. Pro. §§ 292, 3352; *Owen* v. *Duprignac,* 9 Abb. Pr. 180; *Driggs* v. *Williams,* 15 id. 477; *Bean* v. *Tonnelle,* 24 Hun, 353; 1 Civ. Pro. Rep. 33; *Campbell* v. *Eben,* 17 N. Y. S. R. 848.) The right of the appellant to institute supplementary proceedings at any time within twenty years after the entry of the judgment and on return of execution unsatisfied had accrued before the Code of Civil Procedure went

into effect. (Code Pro. § 292.) The right to institute supplementary proceedings was preserved in its entirety by the Code. (Code Civ. Pro. § 3352.)

*Martin J. Keogh* and *Stephen S. Marshall* for respondent. By section 3352 of the Code of Civil Procedure, the Statute of Limitations applicable to supplementary proceedings upon judgments rendered before said section went into effect continued unimpared only in case such supplementary proceedings were instituted before the expiration of two years after the new Code took effect, or within two years after the 1st day of September, 1880. (Code Civ. Pro. §§ 414, 2435, 3352, 3355, 3356.) The only other mode of construing the statute is to make the ten years Statue of Limitations applicable to the plaintiff's proceedings on the 1st day of September. 1880. (Code Civ. Pro. §§ 414, 3352.)

FINCH, J. It has been determined by the court below that the limitation applicable to an order for the examination of a judgment-debtor in supplementary proceedings, is ten years from the return of an execution unsatisfied, even though the right accrued before the Code of Civil Procedure was enacted. Under the Code of Procedure, the limitation was twenty years (§ 292), and while that was in force, and in October, 1875, judgment was obtained against the defendant and execution issued, which was in due season returned unsatisfied. In July, 1888, an order was granted, by the county judge of Westchester county, for the examination of the judgment-debtor, more than twelve years having elapsed since the return of the execution unsatisfied. A motion to vacate the order was made and denied by the county judge, whose order was reversed on appeal by the General Term, and from that decision the creditor appeals to this court.

Since the Code of Civil Procedure has changed the limitation to ten years, and was in force when the order was granted (§ 2435), it became the only existing limitation and the one to

be observed, unless the older one of twenty years, under which the right accrued, has been in some manner preserved. (*Acker v. Acker*, 81 N. Y. 143.) That is the creditor's contention, and he relies upon section 3352 of the present Code. That provides that none of its provisions, other than those in chapter fourth, shall render ineffectual any right or limitation lawfully accrued at an earlier period. This section preserves to the creditor the twenty years' limitation, unless the new limitation is contained in, or given by, the terms of chapter fourth, and that becomes the final question.

The appellant contends that chapter fourth prescribes no limitation for the granting of such an order, and has nothing to do with supplementary proceedings; that their limitation is fixed by chapter seventeen, and that, depending upon the terms of that chapter, they fall within the protection of section 3352. It has been said in the Supreme Court that chapter four has no application to supplementary proceedings (*Bean* v. *Tonnelle*, 24 Hun, 353), and our attention is called to the explicit declaration of section 414 of that chapter, making its provisions inapplicable to "a case where a different limitation is specially prescribed by law."

But I am unable to see that a *different* limitation is prescribed. By section 388 of chapter four, ten years is fixed as the limitation in all cases not specially prescribed in the first two titles, and while the chapter speaks of actions and the time at which the causes of action accrue, the later sections (§§ 414, 415) include special proceedings and the accruing of rights to institute the same. And hence it follows that, by chapter four, a limitation for the institution of summary proceedings is fixed at ten years from the accruing of the right. Section 2435 in a later chapter fixes the same limitation and not a "different" one, and since it is not different, it fails to exclude supplementary proceedings from the operation of chapter four, and so the further provision of section 414 applies, as I think was the legislative intention, which preserves the old limitation only where it is invoked before the expiration of two years from the effectual enactment of the new Code. This order,

therefore, not made until after the expiration of such two years, lost the benefit of the repealed limitation, and was governed by the new one of ten years.

The order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.