## McGuire v. Hudson.

*(Supreme Court, General Term, First Department.* November 13, 1891.)

Supplementary Proceedings—Limitation—Affidavit.

Where an affidavit, on which an order for the examination of a judgment debtor in supplementary proceedings is granted, fails to show that execution on the judgment had been returned within the 10 years prescribed by Code Civil Proc. N. Y. § 2435, the order should be dismissed.

Appeal from special term, New York county. Reversed.

Action by Joseph McGuire against John H. Hudson. From an order denying a motion to vacate an order for the examination of defendant in supplementary proceedings defendant appeals. Code Civil Proc. N. Y. § 2435, authorizes the making of an order for the examination of a judgment debtor in supplementary proceedings within 10 years after the return of an execution wholly or in part unsatisfied. Section 414 reserves the right to pursue remedies under the provisions of the old Code for two years after the present Code of Civil Procedure went into effect. The judgment in this case was recovered after the present Code of Civil Procedure took effect.

Argued before Van Brunt, P. J., and Daniels and Ingraham, JJ.

*John Vincent,* for appellant. *Joseph Steinert,* for respondent.

Per Curiam. It was held in *Conyngham* v. *Duffy,* 125 N. Y. 200, 26 N. E. Rep. 142, that the time within which an order for the examination of a judgment debtor in supplementary proceedings could be obtained is 10 years from the return of an execution unsatisfied, even though the right accrued before the Code of Civil Procedure was enacted. As it does not appear from the affidavit upon which the order for the examination of the judgment debtor in this proceeding was granted that the execution upon the judgment had been returned within 10 years from the time of the granting of the order for such examination, *Conyngham* v. *Duffy, supra,* applies, and the order for the examination should have been vacated. Order appealed from reversed, with $10 costs and disbursements of this appeal, and motion granted,