# THEODORE BAUMLER, APPELLANT, *v.* FREDERICK P. ACKERMAN, RESPONDENT.

*Supplementary proceedings — must be taken within ten years after the first execution is returned — when a judgment ceases to be a lien upon real estate.*

A judgment was recovered in a Justice's Court in 1876, and in the same year a transcript was filed and an execution thereon was issued out of the County Court. In 1891 the plaintiff in said judgment issued a second execution, and upon it instituted supplementary proceedings.

*Held,* that the right to take such proceedings accrued in 1876, when the first execution was issued, and was, under section 2435 of the Code of Civil Procedure, barred by the lapse of more than ten years before the proceedings were taken in 1891.

That the judgment was not a lien upon the defendant's real estate in 1891.

That section 1252 of the Code, providing for a levy upon real property after ten years from the filing of a judgment-roll, had no application to this case, and could only apply to judgments recovered after September 1, 1877, when the Code of Civil Procedure went into effect.

APPEAL by the plaintiff Theodore Baumler from an order of the county judge of Erie county, entered in the office of the clerk of Erie county on the 9th day of June, 1891, vacating an order previously granted requiring the defendant to submit to an examination in proceedings supplementary to execution.

*Jonathan L. Slater,* for the appellant.

*E. C. Robbins,* for the respondent.

LEWIS, J. :

Plaintiff recovered a judgment against the defendant in the Court of a Justice of the Peace of Erie county on the 1st day of November, 1876, for $107.45. On the same day a transcript of said judgment was filed and the judgment was docketed in the office of the clerk of Erie county.

An execution was issued upon said judgment on the said first day of November to the sheriff of Erie county where the defendant then resided. The execution was duly returned wholly unsatisfied. A second execution was issued upon said judgment on the 7th day of April, 1891, to the sheriff of Erie county where the defendant

still resided. The second execution was returned wholly unsatisfied, and the plaintiff thereupon instituted proceedings supplemental to execution before the judge of said county.

Upon motion of the defendant, the order appealed from was granted by said county judge on the ground that more than ten years having elapsed after the return of the first execution, the statute of limitations had run against plaintiff's right thereto. Plaintiff's contention is that his proceedings having been instituted within ten years after the return of the second execution, they were regular under section 2435 of the Code of Civil Procedure. That section provides that proceedings supplemental to execution may be instituted at any time within ten years after the return of an execution against property unsatisfied, etc.

The decision of this appeal depends upon the question, which one of the executions comes under the provisions of said section 2435.

An execution was returned unsatisfied in the year 1876. The right to institute these proceedings then accrued to the plaintiff. He permitted more than ten years to expire before instituting them. We think his right to institute the proceedings had expired by limitation of time.

It was decided in *Conyngham* v. *Duffy* (125 N. Y., 200) that, by chapter 4 of the Code of Civil Procedure, a limitation for the instituting of such proceedings is fixed at ten years from the accruing of the right thereto. That the limitation of time was fixed by sections 388, 414 and 415 of the Code. The plaintiff's judgment had ceased to be a lien upon the real property of the defendant when his proceedings were instituted. The execution was ineffectual, therefore, to reach that class of property. It was held in *Judson* v. *Rossie Galena Company* (9 Paige Ch., 596,) that, in order to institute a creditor's bill, there must have been issued and returned an execution against real estate.

It is suggested by the appellant that provision is made for such proceedings after the lapse of ten years by section 1252 of the Code of Civil Procedure. That section has relation only to judgments rendered after the adoption of that section into the Code. That section had not become a part of the Code at the time of the docketing of plaintiff's judgment.

We think that the order appealed from was properly granted, and that it should be affirmed, with ten dollars costs and the disbursements of the appeal.

Dwight, P. J., and Macomber, J., concurred.

Order appealed from affirmed, with ten dollars costs and the disbursements.