(5 Misc. Rep. 484.)

## CLEVELAND v. JOHNSON.

(Common Pleas of New York City and County, Special Term. November. 1893.)

1. SUPPLEMENTARY PROCEEDINGS—TIME OF COMMENCING PROCEEDINGS.
    Supplementary proceedings are limited to 10 years, by Code Civil Proc. § 388, though the right to maintain the proceeding had accrued when the Code was adopted. Conyngham v. Duffy, 26 N. E. 142, 125 N. Y. 200, followed.

2. SAME—EFFECT OF ADJUDICATION IN BANKRUPTCY.
    An adjudication that a judgment debtor is a bankrupt does not operate as a stay of proceedings, so as to stop the running of the statute of limitations against the judgment creditor's right to maintain supplementary proceedings.

Action by Augustus Cleveland against William Johnson. Defendant moves to vacate an order in supplementary proceedings. Granted.

Charles W. Coleman, for the motion.
W. Harlock, opposed.

GIEGERICH, J. The judgment upon which these proceedings are based was entered on the 1st day of December, 1866. An execution was issued to the sheriff of this city and county on the 1st day of December, 1866, which was returned wholly unsatisfied. On January 5, 1875, the judgment debtor was examined in proceedings supplementary to execution. No property belonging to him was discovered, and the proceedings were closed and terminated on the 11th day of February, 1875. On the 8th day of March, 1878, the judgment creditor died, leaving a last will and testament, which was duly proved before the surrogate of this county on the 2d day of May, 1878, and letters testamentary thereon were issued to the persons named in said will as executors and trustees thereunder. On the 31st day of August, 1878, the judgment debtor was adjudicated a bankrupt by the district court of the United States for the southern district of New York. The judgment debtor has not, since January 15, 1881, taken any steps or proceedings whatever to obtain

his discharge, and a discharge from his debts has not been granted to him by said court.    On December 23, 1880, the executors of the judgment creditor proved their claim in bankruptcy, consisting of said judgment, and upon which this proceeding is founded.    On the 25th day of October, 1893, they obtained an order from said district court authorizing and empowering them to take such proceedings as they might be advised for the collection of the said judgment, and on the 30th day of October, 1893, an order was made herein, requiring the defendant to appear before the court to be examined in proceedings supplementary to execution; the order in question being based upon an affidavit of one of the executors of the judgment creditor, which, in addition to the matters above set forth, alleges that the judgment debtor has recently become entitled, under the last will and testament of a certain named decedent, to a legacy of a sum more than sufficient to pay the judgment herein, such decedent having died a short time before October 20, 1893, on which date his will was filed for probate.    Upon the return of the order aforesaid, the judgment debtor appeared specially, and moved to vacate the same upon the ground that the time within which the judgment creditor or his executors could examine the judgment debtor in supplementary proceedings had expired by limitation.

Prior to the enactment of the present Code, proceedings supplementary to execution could be commenced at any time within 20 years after the return of an execution unsatisfied, (Code Proc. § 292;) but under the new Code the limitation has been changed to 10 years from the return of an execution unsatisfied, even though the right accrued before the said Code was enacted, (Code Civil Proc. §§ 414, 2435; Conyngham v. Duffy, 125 N. Y. 200, 26 N. E. 142.)    The executors of the judgment creditor contend, substantially, that the change was made solely by chapter 17 of the new Code, which did not go into effect until September 1, 1880, (Code Civil Proc. § 3356,) and that the right to institute supplementary proceedings did not expire until two years after such chapter took effect.    Precisely the same questions arose in Conyngham v. Duffy, supra, in which the court, through Finch, J., say:

"The appellant contends that chapter 4 prescribes no limitation for the granting of such an order, and has nothing to do with supplementary proceedings; that their limitation is fixed by chapter 17; and that, depending upon the terms of that chapter, they fall within the protection of section 3352.    It has been said in the supreme court that chapter 4 has no application to supplementary proceedings, (Bean v. Tonnelle, 24 Hun, 353,) and our attention is called to the explicit declaration of section 414 of that chapter, making its provisions inapplicable to 'a case where a different limitation is specially prescribed by law.'    But I am unable to see that a different limitation is prescribed.    By section 388 of chapter 4, ten years is fixed as the limitation in all cases not specially prescribed in the first two titles; and while the chapter speaks of actions, and the time at which the causes of action accrue, the latter sections (sections 414, 415) include special proceedings, and the accruing of rights to institute the same; and hence it follows that, by chapter 4, a limitation for the institution of supplementary proceedings is fixed at ten years from the accruing of the right.    Section 2435, in a later chapter, fixes the same limitation, and not a 'different' one, and, since it is not different, it fails to exclude supplementary proceedings from the operation of chapter four; and so the further provision of section 414 applies, as I think was the legislative intention, which preserves the

old limitation only where it is invoked before the expiration of two years from the effectual enactment of the new Code."

The change having been effected by section 414, which forms part of chapter 4, and went into effect on September 1, 1877, (Code Civil Proc. § 3356,) the limitation of time must therefore be governed by that section, and, according to its provisions, the creditor's time to institute supplementary proceedings expired on September 1, 1879, (Code Civil Proc. § 414, subd. 3,) unless stayed by the bankruptcy proceedings.

This leads to the consideration of the question: What effect did such proceedings have upon the creditor's rights herein? It is claimed by the judgment creditor's executors that the mere adjudication by the United States district court of the judgment debtor's bankruptcy operated as a stay of proceedings. This court, however, has held adversely to this contention in Uhl v. Neuberger, 11 Wkly. Dig. 296, and a similar ruling was made in Brackett v. Dayton, 34 Minn. 219, 25 N. W. 348. The provisions relative to a stay of proceedings against a bankrupt are contained in sections 5105 and 5106 of the Revised Statutes of the United States, which are as follows:

"Sec. 5105. No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him; and all proceedings already commenced or unsatisfied judgments already obtained thereon against the bankrupt shall be deemed to be discharged and surrendered thereby.

"Sec. 5106. No creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge; provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, and provided, also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed."

The effect of these sections is that, where the debt has not been proved, there is no stay unless one is granted by the court in bankruptcy upon the application of the bankrupt. Rosenthal v. Plumb, 25 Hun, 336; Blum. Bankr. pp. 483, 488; Uhl v. Neuberger, supra. It is not claimed by the executors of the judgment creditor, nor do the papers herein show, that the court in question did at any time restrain the enforcement of said judgment. The executors of the judgment creditor, therefore, were free to enforce the judgment until they made proof of it in bankruptcy. As this was not done until nearly 14 years after the return of an execution against his property, wholly unsatisfied, which the records on file show was on the 2d day of February, 1867, my conclusion is that the right to maintain this proceeding had been barred before the debt had been proved in bankruptcy, and consequently before a stay of proceedings had begun to operate under section 5105, supra. For these reasons the motion should be granted, but, as the questions involved are novel, no costs should be allowed.