THE IMPORTERS AND TRADERS' NATIONAL BANK of New York, Respondent, *v.* CEBRA QUACKENBUSH, Appellant, Impleaded with Others.

*A second execution may be issued without an order of the court — supplementary proceedings within ten years after the return of any execution, and after the judgment has ceased to be a lien on real estate.*

Under the provisions of section 1377 of the Code of Civil Procedure, where a judgment has been docketed in a county and an execution, issued thereon within five years after the rendition of the judgment, has been returned unsatisfied, a second execution may be issued upon such judgment without an order from the court, although fifteen years have elapsed since the rendition of the judgment. The right to issue such second execution is general. It may be issued to any county where the judgment has been docketed, and not alone to the county to which the execution was issued within the five years after the rendition of the judgment.

Under the provisions of section 2435 of the Code of Civil Procedure proceedings supplementary to execution may be instituted upon a judgment, within ten years after the return unsatisfied of any execution regularly and properly issued upon the judgment, and such proceedings need not necessarily be taken within ten years after the return unsatisfied of the first execution issued upon such judgment; such supplementary proceedings may be instituted upon a judgment after it has ceased to be a lien upon real estate.

APPEAL by the defendant, Cebra Quackenbush, a judgment debtor, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 14th day of April, 1894, vacating an order made on the 2d day of April, 1894, which granted a stay of proceedings in proceedings supplementary to execution, and directed the defendant Cebra Quackenbush to appear before a referee for examination.

*Abraham Lansing,* for the appellant.

*A. R. Dyett,* for the respondent.

PUTNAM, J.:

The plaintiff obtained a judgment against defendant on January 22, 1879, which on that day was docketed in the county of New York, and on January 23, 1879, in the county of Rensselaer. An execution was issued thereon to the sheriff of the last-mentioned county on January 24, 1879, and afterwards returned unsatisfied. On March 22, 1894, said judgment was docketed in Albany county, and an execution was issued thereon to the sheriff of that county, and afterwards returned unsatisfied.

Plaintiff obtained a second judgment against defendant in the county of New York on January 22, 1879, which, on the next day, was docketed in Rensselaer county, and on February 20, 1879, in Albany county. On January 26, 1879, an execution was issued on said judgment to the sheriff of Rensselaer county, and afterwards returned unsatisfied. On February 22, 1879, one was also issued to the sheriff of Albany county, and also returned unsatisfied. On March 22, 1894, another execution was issued on said judgment in the last-named county, and also returned unsatisfied. Defendant at the time of the obtaining of said judgments was, and ever since has been, a resident of Albany county.

On March 27, 1894, plaintiff, upon affidavits showing the above facts, obtained from a judge of the Supreme Court on each of said judgments an order in supplementary proceedings requiring defendant to appear before a referee named in said orders, to make discovery on oath concerning his property. The defendant thereupon moved to vacate such orders, and to set aside the executions issued upon the aforesaid judgments in 1894, and the returns thereon, and for other relief. From the order denying said motion this appeal is taken, bringing up for our consideration the question of the validity of the said orders for the examination of said defendant in supplementary proceedings.

The second judgment above specified having been docketed in Albany county on February 20, 1879, and an execution having been then issued and returned unsatisfied, a second execution could issue thereon without an order of the court, under the provisions of section 1377 of the Code of Civil Procedure. Hence the execution issued by plaintiff on said judgment on March 22, 1894, although issued about fifteen years after the rendition of the judgment, was regular, and authorized by the statute.

It is claimed by appellant that the order in supplementary proceedings for the examination of defendant was improperly granted after the expiration of ten years from the return of the first execution issued in 1879 on the judgment in question, under the provisions of section 2435 of the Code of Civil Procedure. The following is a copy of said section, viz.: " At any time within ten years after the return, wholly or partly unsatisfied, of an execution against property, issued upon a judgment, as prescribed in section two thousand four hundred and fifty-eight of this act, the judgment creditor, upon proof of the facts by affidavit, or other competent written evidence, is entitled to an order requiring the judgment debtor to attend and be examined concerning his property, at a time and place specified in the order."

Appellant urges that the right to institute supplementary proceedings accrued to plaintiff in 1879, on the return of the first execution, and that as it permitted over ten years to expire before instituting these proceedings, it was precluded from doing so under the provisions of the above-quoted section. It is claimed on the

other hand that when an execution has been regularly and properly issued on a judgment, be it the second or third execution, an order in supplementary proceedings can be granted within ten years thereafter.

The statute says an order in supplementary proceedings may be granted within ten years after the return of an _execution_. With some hesitation we reach the conclusion that the language means within ten years after the return of _any execution_ legally and properly issued upon a judgment. In the case under consideration the proceeding was instituted in 1894, shortly after and within ten years from the return of an execution unsatisfied. Section 2435 (_supra_) does not prescribe that the proceedings should be taken within ten years after the return of the first execution, but from the return of an execution. This view of the statute in question was taken by the Superior Court of the city of New York in _Levy_ v. _Kirby_ (51 N. Y. Super. Ct. 69). (See, also, 3 Rumsey's Pr. 411; Fiero's Spec. Proc. 517, 518.) In the case of _Conyngham_ v. _Duffy_ (125 N. Y. 200), cited by defendant, it does not appear that a second execution had been issued, and the question here raised was not before the court in that case. In _Baumler_ v. _Ackerman_ (63 Hun, 40) the court was apparently influenced by the fact that the plaintiff's judgment had ceased to be a lien upon the real property of defendant, and that the execution issued in that action was ineffectual to reach that class of property, and that in order to institute supplementary proceedings an execution should be issued and returned unsatisfied against real estate as in the case of a creditor's bill; that the provisions of section 1252 of the Code of Civil Procedure did not apply in that case as the judgment had been obtained in 1876. In this case, however, the judgment was obtained in 1879, and under the provisions of section 1252 the execution issued in 1894 could be collected out of any real or personal property of the defendant in the county of Albany. We conclude, therefore, that supplementary proceedings may be instituted at any time within ten years from the return of _any execution_ properly issued on a judgment. Under the provisions of section 2436, which provides for the examination of a defendant after the issuing and before the return of an execution unsatisfied, it is quite clear that supplementary proceedings may be taken at any time while the judgment remains in force

after the issuing of any execution, whether the first or second. There seems to be no satisfactory reason why the provisions of section 2435, prescribing the limitation of ten years, should not be deemed to refer to the last execution legally issued.

The first above-described judgment was not docketed in Albany county, where the judgment debtor resided, until March 22, 1894, and the execution was not issued thereon until that time. Section 2435 (*supra*) provides that the ten-year limitation applies where an execution against the property of the judgment debtor has been issued as prescribed in section 2458, that is, in the county where the defendant resides or has a place of business. As no execution had been issued in the county of Albany, where defendant resides, until 1894, the limitation prescribed by section 2435 did not commence to run until that time, and the only question to be considered is whether the execution then issued by plaintiff in Albany county was authorized by the statute. The judgment had been docketed in Rensselaer county in 1879, and an execution had in that year been issued and returned unsatisfied in that county. Hence, in 1894, under the provisions of section 1377 (*supra*), plaintiff could, without any order of the court, have issued a new execution in Rensselaer county. The defendant contends that under the provisions of said section a second execution, after the expiration of five years from the rendition of the judgment, could only go to the same county where the first was issued. No authority is cited to sustain this contention, and we think that the language of section 1377 does not admit of this construction. If an execution has been regularly issued in five years after the entry of the judgment in any county where the judgment was docketed, the statute provides that another execution may be issued thereon. There is no limitation in the said section. The right given by the statute to issue an execution is general, and should be deemed such a right as the plaintiff had to issue execution within five years from the rendition of the judgment, to any county where the judgment was or may be docketed.

As suggested above, in 1894, under the provisions of section 1252 (*supra*), the execution issued and returned unsatisfied may be deemed an exhaustion of plaintiff's remedy as against the personal and real estate of the judgment debtor. It is clear that supplementary proceedings may be instituted after a judgment has ceased to be a

lien on real estate. Under the provisions of section 2435 such proceedings may be instituted ten years· after the return of an execution unsatisfied. In a case where the first execution was. issued at the end of five years after the rendition of the judgment, supplementary proceedings could clearly be instituted within ten years thereafter, that is, within fourteen or fifteen years after the rendition of the judgment, and when it had ceased to be a lien upon real estate.

We conclude, therefore, that the order should be affirmed, with costs and disbursements. As defendant desires to submit the question involved to the Court of Appeals, proceedings may be stayed until the decision of that court.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order affirmed.