(22 Misc. Rep. 488.)

## WARNER v. BARTLE.

(Surrogate's Court, Chenango County. January, 1898.)

1. JUDGMENT—LIMITATION OF ACTION THEREON.
   The statute of limitation runs against a justice's judgment from its entry by the justice, rather than the date of its entry in the county court to make it the latter's judgment.

2. SAME—SPECIAL PROCEEDINGS.
   A special proceeding, under Code Civ. Proc. § 2722, for the collection of a judgment against a decedent's estate, is an "action," within the statute of limitation.

3. SAME—ENTRY OF JUDGMENT BEFORE ACT OF LIMITATION TOOK EFFECT.
   The statute of limitation against action on judgments, as contained in the Code, applies to judgments entered before the Code took effect.

4. SAME—CONSTRUCTION OF STATUTE.

Code Civ. Proc. § 2435, providing that, at any time within 10 years after the return unsatisfied of an execution, the judgment creditor is entitled to an order requiring the debtor, under the judgment or order, to attend and be examined; and section 2722, providing that a petition may be presented praying for a decree directing an executor or administrator to pay the petitioner's claim at any time after six months has expired since letters were granted,—were not intended to enlarge the statute of limitations prescribed by chapter 4.

Petition by Jerome S. Warner, administrator of the estate of Stebbins Warner, deceased, against Marcia S. Bartle, administratrix of the estate of David W. Bartle, deceased, for the payment of a claim against such estate. Judgment for defendant.

J. H. & C. W. Stevens, for petitioner.
Samuel S. Stafford, for Marcia S. Bartle.

GLADDING, S. This is a special proceeding, commenced pursuant to section 2722 of the Code of Civil Procedure, by the petitioner, for the payment of a claim alleged to be due and owing from the Bartle estate to the Stebbins Warner estate. The administratrix of the Bartle estate resists the payment of the claim, and asks for a dismissal of this proceeding, upon the ground that the claim is barred by the statute of limitations; and she has interposed an answer to the petition, setting up the statute of limitations as a defense to the prayer of the petitioner. The conceded facts are as follows: April 16, 1877, Stebbins Warner recovered a judgment against David W. Bartle, for the sum of $150.63, which judgment was rendered in a justice's court of the county of Steuben. May 10, 1880, a transcript of said judgment was filed, and the judgment docketed in the office of the clerk of the county of Steuben. January 15, 1890, a transcript from the docket in the Steuben county clerk's office was filed in the clerk's office of the county of Chenango, and the judgment docketed in the latter county. November 4, 1883, said Stebbins Warner died, intestate; and the petitioner was thereafter, and on the 27th day of August, 1896, duly appointed administrator of the estate of said Warner. February 3, 1897, David W. Bartle died intestate; and on February 18, 1897, said Marcia S. Bartle was duly appointed administratrix of the estate of said David W. Bartle. July 2, 1897, the petitioner presented to the administratrix of said David W. Bartle a claim for the amount of said judgment and interest; and August 1, 1897, said Marcia S. Bartle, as such administratrix, duly rejected said claim. Thereupon the petitioner duly commenced these proceedings, as mentioned above.

The only question to be determined is a question of law, viz.: "Whether the petitioners' remedy to enforce the payment of said judgment in this special proceeding is barred by the statute of limitations?" Section 382 of the Code of Civil Procedure prescribes what actions must be brought within six years after the cause of action has accrued, and the seventh subdivision is as follows: "(7) An action upon a judgment or decree, rendered in a court not of record.

\* \* \* " It is plain from this section that an action upon this judgment had been barred by reason thereof for more than 13 years before the death of the judgment debtor, and that the docketing of the judgment in the county clerk's office, by which it became a judgment of the county court, does not prevent or remove that bar.    Dieffenbach v. Rock, 112 N. Y. 621, 20 N. E. 560; Townsend v. Tolhurst, 57 Hun, 42, 10 N. Y. Supp. 378; Harris v. Clark, 65 Hun, 361, 20 N. Y. Supp. 232.    By the last paragraph of section 414 of the Code of Civil Procedure, the word "action," in section 382, is made to include a special proceeding.    It covers the accruing of rights to institute a special proceeding.    Conyngham v. Duffy, 125 N. Y. 200, 26 N. E. 142.

Under section 3334 and subdivision 20 of 3343, this proceeding is a special proceeding, and I am unable to conjecture any reason why it is not barred by the sections above referred to as effectually as an action upon the judgment.    The petitioner's attorney, however, bases an argument for upholding this proceeding upon the fact that this judgment was recovered before the Code of Civil Procedure took effect.    The statute of limitations is applicable to judgments rendered before its passage.    Acker v. Acker, 81 N. Y. 145; Brinckerhoff v. Bostwick, 99 N. Y. 193, 1 N. E. 663; Viets v. Bank, 101 N. Y. 574, 5 N. E. 457.    But subdivision 3 of section 414 provides that the chapter on limitations is not applicable to a case "in which a person is entitled, when this act takes effect, to commence an action, or to institute a special proceeding    \*    \*    \*    upon a judgment where he commences \*    \*    \*    the same, before the expiration of two years after this act takes effect."    The utmost that can be said in favor of a different rule applying, because this judgment was rendered before the Code of Civil Procedure went into effect, is that, by reason of the last above quoted section, an action or special proceeding upon the judgment was extended for two years after September 1, 1880, which was the time when that act took effect; and it has been held that the old limitation is preserved only when invoked before the expiration of the two years.    Conyngham v. Duffy, 125 N. Y. 200, 26 N. E. 142; Mason v. Henry, 83 Hun, 548, 31 N. Y. Supp. 1068; Cleveland v. Johnson, 5 Misc. Rep. 484, 26 N. Y. Supp. 734.

Counsel for petitioner cites many cases where it has been held that the remedy to enforce such a judgment by execution is not barred by the six-years limitation; but no case is cited by him which holds that an action or special proceeding can be maintained against the plea of the statute when commenced more than six years after the rendition of such a judgment.    The amendment in 1894 to subdivision 7 of section 382, which excepts from the six-years limitation such a judgment where a transcript has been filed pursuant to section 3017, applies only to judgments rendered subsequent to the amendment.    The language of the added words, "except where a transcript shall be filed," constituting the amendment, indicates that such was the intention of the legislature.    A statute of limitation which extends and enlarges the rights of the creditor acts prospectively only, unless a contrary intent is plainly indicated.    Guillotel v. Mayor of New York, 10 Abb. N. C. 318, and note, page 322.    But as to claims

once barred by a statute (as was this claim before the amendment), so that the rights of the parties have become fixed by law, it is at least doubtful whether the legislature has power to destroy the debtor's existing defense. Knox v. Cleveland, 13 Wis. 245; Woodman v. Fulton, 47 Miss. 682; Shriver v. Shriver, 86 N. Y. 580; Davidson v. Horn, 47 Hun, 53. Again, the application of this amendment has been passed upon by the Third department, and a judgment recorded prior thereto was held not to be affected by the amendment. Becker v. Porter, 17 App. Div. 184, 45 N. Y. Supp. 296. My attention has not been called to any case holding that even supplementary proceedings upon such a judgment, commenced more than six years after its rendition, would not be barred by the statute of limitations, but counsel seems to assume that it has been so decided. If he is right in that assumption, such a decision would, in my opinion, be some authority for his contention here. This special proceeding may not be more clearly within the six-years limitation than supplementary proceedings, because supplementary proceedings are special proceedings in the action. Smith v. Tozer, 42 Hun, 22; Hyatt v. Dusenbury, 12 Civ. Proc. R. 152; Graves v. Scoville, Id. 165; Wright v. Nostrand, 94 N. Y. 31. And the last paragraph of section 414 includes, within the six-years limitation, a special proceeding in an action, as effectually as it does any special proceeding. In Bolt v. Hauser, 57 Hun, 568, 11 N. Y. Supp. 366, 368, Dwight, P. J., intimates (obiter) that supplementary proceedings could be maintained upon such a judgment, and assigns as the grounds for such an opinion that subdivision 1 of section 414 expressly excepts the case of an action or special proceeding for which a different limitation is prescribed by law, and he asserts that "section 2435 specially prescribes the limitation of ten years after the return of an execution for proceedings supplementary thereto." That section provides that, "at any time within ten years after the return * * * unsatisfied of an execution, * * * the judgment creditor * * * is entitled to an order requiring the debtor, under the judgment or order, to attend and be examined"; and section 2722, under which this proceeding is brought, provides that "in either of the following cases a petition may be presented, * * * praying for a decree, directing an executor or administrator to pay the petitioner's claim: * * * (1) By a creditor for the payment of a debt, * * * at any time after six months have expired since letters were granted." If section 2435, above quoted, extended the time by "prescribing a different limitation," it is difficult to see why section 2722 does not also prescribe a different limitation. But, in my opinion, neither of these sections was intended to enlarge or extend the statute of limitations prescribed by chapter 4 of the Code of Civil Procedure, and that each of these sections simply prescribes under what circumstances a certain step in such a proceeding may be taken; and the question whether the proceeding itself, as a whole, is barred by a statute of limitations, must be determined by the provisions of chapter 4. In other words, it is as though each of the sections 2435 and 2722 had been prefaced by the words, "If the creditor's claim is not barred by the provisions of chapter 4 of this act,

then" the proceedings authorized by those sections might be taken. The remarks of the court in Bolt v. Hauser, 57 Hun, 568, 11 N. Y. Supp. 366, 368, with reference to the time limited for commencing supplementary proceedings, were obiter, as the decision was put upon another ground; and the case does not decide that supplementary proceedings upon a judgment rendered in a justice's court could, before the amendment of 1894 to subdivision 7 of section 382, be maintained after six years, as against the plea of the statute.

Section 380 provides: "The following actions must be commenced within the following periods after the cause of action has accrued." Section 382. "Within six years: * * * (7) An action upon a judgment or decree, rendered in a court not of record. * * * The cause of action, in such case, is deemed to have accrued, when final judgment was rendered." Section 414: "* * * The word 'action' contained in this chapter, is to be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action." Reading "special proceeding" in the place of "action," in sections 380 and 382, and we have a plain provision of law to the effect that a special proceeding upon a judgment rendered in a court not of record must be commenced within six years of the time when final judgment was rendered. This is a special proceeding, and supplementary proceedings are special proceedings in an action, as we have seen. Both are covered by the sections above cited, in my opinion, and the reference, in section 2435, to ten years after the return of an execution when an order in supplementary proceedings may be granted, and in section 2722, to six months after letters have been granted, when a petition can be presented, were neither intended to, nor do they, make "a case where a different limitation is specially prescribed by law," referred to in subdivision 1 of section 414. As before stated, they refer to particular acts that must have preceded, within a specified time, the commencement of each proceeding, respectively, but do not abrogate or change the rules of limitations prescribed by chapter 4 of the Code of Civil Procedure. In Re Miller, 70 Hun, 62, 23 N. Y. Supp. 1104, it was held that the provisions of the statute of limitations were applicable to proceedings under this section (formerly 2717, now 2722).

Before the death of the judgment debtor, the right to an action upon this judgment, and to a special proceeding thereon, and a proceeding in a special proceeding, or in an action (section 414), was effectually barred by the statute of limitations. I am not convinced, and am unwilling to decide, that his death revived or created such a right against his estate. Decreed accordingly.